James Brack, Appellee, v. B. F. Berry Coal Company, Appellant.

Gen. No. 5,931. (Not to be reported in full.)

Appeal from the Circuit Court of Putnam county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the April term, 1914. Reversed and remanded. Opinion filed July 31, 1914.

### Statement of the Case.

Action by James Brack against B. F. Berry Coal Company to recover for personal injuries sustained by plaintiff by the fall of a roof of the defendant's mine. The injury was alleged to have been caused by the wilful failure of defendant to supply props. To reverse a judgment entered on a verdict in favor of plaintiff for $15,000, defendant appeals.

McDOUGALL, CHAPMAN & BAYNE and WALTER A. PANNECK, for appellant; MASTIN & SHERLOCK, of counsel.

No appearance for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

### Abstract of the Decision.

1. MINES AND MINERALS, § 176*—*when recovery for injuries for failure to supply props not warranted by evidence.* A verdict allowing a miner to recover for personal injuries alleged to have resulted from failure of defendant to supply props cannot be sustained where there is no evidence in the record of any demand on the mine manager therefor, or of any rule or custom that the props might be ordered of any other person.

2. MINES AND MINERALS, § 90*—*from whom demand for props must be made.* Under paragraph 6, § 20, ch. 93, R. S., J. & A. ¶ 7494, which provides that the mine manager shall furnish props when demanded, the demand must be made on the mine manager

himself, and a demand made upon a driver or other agent or servant of the company is not sufficient, unless there is an express rule or recognized custom in the mine to make a demand on such other persons.

3. Mines and minerals, § 191*—*when instruction as to demand for props erroneous.* In an action by a miner for injuries sustained by the fall of a roof of a mine in which he was working, where the declaration charged the defendant with wilful failure to provide plaintiff with props when demanded, an instruction given for plaintiff requiring defendant to supply props when demanded, with no explanation that the statute requires that the demand should have been made on a certain person, *held* erroneous.

4. Mines and minerals, § 194*—*when refusal of requested instruction reversible error.* In an action by a miner to recover for injuries alleged to have resulted from the wilful failure of defendant to furnish props, refusal of a requested instruction to find defendant not guilty if the injury to plaintiff was caused by his own want of care and not by reason of any violation of law, *held* reversible error, there being evidence that immediately after the accident a number of props were found in the room where plaintiff was working, and it was not clear but that he might have avoided the accident by using such props.